**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALMA RIOS, | ) | CASE NO. ED CV 10-01519 RZ |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

        Plaintiff asserts four grounds for reversing the Commissioner's decision denying her disability benefits. The Court finds none persuasive, however, and therefore affirms the decision.

        Plaintiff first asserts that the Commissioner did not meet his burden, at Step 5 of the sequential evaluation, of showing that there were sufficient jobs in the economy that Plaintiff could perform. The Commissioner concedes that Plaintiff could not perform one of the jobs the Administrative Law Judge identified, that of hand packager. The Court agrees with Plaintiff that, given her residual functional capacity, she also could not perform one of the other jobs the Administrative Law Judge identified, that of office/hotel cleaner, because the description of that job involves interaction with the public, a trait precluded by Plaintiff's residual functional capacity. However, the Court agrees with the Commissioner

that substantial evidence supports the conclusion that Plaintiff could perform the third job the Administrative Law Judge identified, that of garment sorter.

Plaintiff's argument here is that she was precluded from use of her right arm, and a garment sorter must use both arms. However, the Administrative Law Judge did not find that she was restricted to using only her left arm, and there is only a single, one-time notation in the record advising Plaintiff not to use her right arm; one would expect this notation to recur if this were a condition that was lasting. Moreover, the notation was made by a nurse-practitioner, not an accepted medical source. Finally, it is not apparent that the job of garment sorter in fact necessarily requires the use of both arms; much of sorting garments likely could be done with just one arm. Thus, Plaintiff could perform this job, for which there were sufficient numbers in the economy, and therefore the Administrative Law Judge did in fact carry his burden at Step 5.

Plaintiff's second argument is that the Administrative Law Judge wrongly assessed her credibility. Again, the Court does not agree. An administrative law judge may disbelieve a claimant if he gives specific and legitimate reasons for doing so. *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996). The only credibility question was whether Plaintiff was to be believed when she stated that she had seizures as frequently as she claimed. The Administrative Law Judge gave sufficient reasons for disbelieving her: that some of the records indicated that she was non-compliant with her medications; that Plaintiff used a sub-therapeutic level of anti-seizure medication when she was compliant; that the medical expert expressed substantial doubt as to the claimed frequency of the seizures; that Plaintiff had not been treated with other medications, "which made no sense with her presentation;" and that there was only one documented emergency room visit within the prior thirteen months. [AR 14] These are valid bases for disbelieving that Plaintiff had the level of seizure disorder that she claimed. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

Plaintiff argues that the Administrative Law Judge made no comment about her explanation, which was that she did in fact take her medication as required but that its

1 effects were counteracted by other medication she took. But the Administrative Law Judge
2 did implicitly address this argument when he said that she remained on minimal doses of
3 Dilantin and had not been treated with other medications, a situation which made no sense
4 with her presentation. Had a doctor told her that other medications were reducing the
5 effectiveness of the anti-seizure drug Dilantin, then surely there would have been an
6 adjustment; as the Administrative Law Judge said, this situation made no sense with her
7 presentation.

8 Although Plaintiff argues this issue as one of credibility, it really instead is an
9 issue of whether the medical evidence was sufficient to sustain the Administrative Law
10 Judge's finding. The fact that there may be other interpretations of the testimony that are
11 reasonable does not mean that the ALJ erred. As long as the ALJ's interpretation is
12 reasonable and is supported by substantial evidence, it is not the role of the Court to
13 second-guess it. *Rollins v. Massanari*, *supra*, 261 F. 3d at 857. That is the situation here.

14 Plaintiff's third argument is that the Administrative Law Judge failed in his
15 obligation to develop the record. That obligation arises, however, only when there is an
16 ambiguity that prevents the Administrative Law Judge from making a reasoned decision
17 based on the record before him. *Mayes v. Massanari*, 276 F.3d 453,459-60 (9th Cir. 2001)
18 (*citing Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). The record here was
19 sufficient for the Administrative Law Judge to make his decision.

20 Plaintiff's final argument, that the Administrative Law Judge erred in his
21 determination of Plaintiff's residual functional capacity, is largely a reprise of her earlier
22 argument concerning the Administrative Law Judge's finding on the nature of her seizure
23 disorder. As indicated, there was substantial evidence supporting the decision. In addition,
24 despite some record evidence of osteoarthritis and tendonitis, there was medical opinion
25 supporting the residual functional capacity. [AR 25, 265] The Administrative Law Judge,
26 ///
27 ///
28 ///

1    of course, resolves conflicts in the evidence to the extent that any exist.  *Batson v.*
2    *Commissioner*, 359 F.3d 1190, 1195 (9th Cir. 2004).

   In accordance with the foregoing, the Commissioner's decision is affirmed.

   DATED:   November 4, 2011

                                                    _____
                                                              RALPH ZAREFSKY
                                                    UNITED STATES MAGISTRATE JUDGE